UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NATASHA M.,

                Plaintiff,

v.                                                          1:20-CV-1142
                                                            (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC           KENNETH HILLER, ESQ.
  Counsel for Plaintiff
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

LEWIS L. SCHWARTZ, PLLC                       LEWIS SCHWARTZ, ESQ.
  Counsel for Plaintiff
1231 DELAWARE AVE., Ste. 103
BUFFALO, NY 14209

U.S. SOCIAL SECURITY ADMIN.                   NAHID SOROOSHYARI, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 17.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born in 1972.  (T. 68.)  She completed high school.  (T. 158.) Generally, Plaintiff's alleged disability consists of bi-polar disorder; post-traumatic stress disorder ("PTSD"); depression; anxiety; and a hearing impairment.  (T. 157.)  Her alleged disability onset date is September 1, 2016.  (T. 153.)

### B.    Procedural History

On August 22, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  (T. 68.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On November 20, 2019, Plaintiff appeared before the ALJ, Stephan Bell. (T. 32-67.)  On December 2, 2019, ALJ Bell issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 7-26.)  On June 23, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 12-23.)  First, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 22, 2017.  (T. 12.)  Second, the ALJ found Plaintiff had the severe impairments of: mental impairments variously diagnosed as bipolar disorder, PTSD, generalized anxiety disorder, depressive disorder not otherwise

specified, unspecified depressive disorder and dependent personality disorder; tendon laceration of the right middle finger; mild sensorineural hearing loss of the right ear; and anacusis in the left ear.  (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id*.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with additional non-exertional limitations.  (T. 14.)  The ALJ found Plaintiff could frequently finger items with the right hand; could work at unprotected heights occasionally; could work around moving mechanical parts occasionally; and could operate a motor vehicle occasionally.  (*Id*.)  The ALJ found Plaintiff could work in moderate noise.  (*Id*.)  The ALJ found Plaintiff is able to perform simple, routine and repetitive tasks; make simple work-related decisions; and is limited to occasional interaction with supervisors, coworkers, and the public.  (T. 14-15.)  Fifth, the ALJ determined Plaintiff has no past relevant work; however, there are jobs that exist in significant numbers in the national economy Plaintiff could perform.  (T. 22-23.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings.  Plaintiff argues the RFC determination is the product of the ALJ's lay judgment and is not supported by substantial evidence.  (Dkt. No. 13 at 13-22.)  Plaintiff also filed a reply in which she reiterated her original argument.  (Dkt. No. 15.)

### B.    Defendant's Arguments

3

In response, Defendant makes one argument.  Defendant argues the ALJ's decision is supported by substantial evidence.  (Dkt. No. 14 at 10-25.)

III.    **RELEVANT LEGAL STANDARD**

A.    **Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both

sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

Plaintiff argues the ALJ relied on his own "quasi-medical judgment" in formulating Plaintiff's mental RFC.  (Dkt. No. 13 at 13.)  Plaintiff asserts that the ALJ rejected or found unpersuasive every medical opinion in the record and therefore the ALJ did not have a medical opinion to rely on in formulating the RFC.  (*Id*. at 13-22.)

Defendant argues the ALJ's mental RFC determination is supported by substantial evidence in the record such as objective mental status examinations and findings and daily activities.  (Dkt. No. 14 at 10-14.)  Defendant further argues the RFC determination need not be based on a medical opinion.  (*Id*. at 20-25.)  Neither party asserts the ALJ erred in assessing Plaintiff's physical RFC, nor does Plaintiff assert the ALJ erred in his evaluation of the medical opinion evidence.

Plaintiff's general assertion, that the ALJ's RFC is the product of legal error because he rejected all opinions, is without merit.  (Dkt. No. 13 at 12.)  An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ.  20 C.F.R. § 416.927(d)(2).  The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations."  *Id*. § 416.945(a)(1).  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id*. §§ 416.927(d), 416.945(a)(3), 416.946(c).  Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.  *Id*. §§ 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

In addition, an ALJ's factual findings, such as the RFC determination, "shall be conclusive" if supported by "substantial evidence."  *Biestek v. Berryhill*, 139 S. Ct. 1148,

1153, 203 L. Ed. 2d 504 (2019); 42 U.S.C. § 405(g).  Substantial evidence "means - and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek,* 139 S. Ct. at 1154 (internal citations omitted).

Caselaw from this Circuit further supports the conclusion that an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion.  *See Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109-110 (2d Cir. 2020) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations."); *Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly discussing plaintiff's physical limitations and relying on plaintiff's treatment notes to formulate the RFC); *Trepanier v. Comm'r of Soc. Sec.*, 752 F. App'x 75, 79 (2d Cir. 2018) (the ALJ's RFC determination related to plaintiff's lifting requirement, while not directly supported by a medical opinion, was supported by an assessment from which the ALJ could infer that Plaintiff could perform the lifting requirement); *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) ("Where . . . the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity," a medical source statement or formal medical opinion is not necessarily required[.]") (citing *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x. 29, 34 (2d Cir. 2013)); *Matta v. Astrue*, 508 F. App'x 53, 57 (2d Cir. 2013) (because the ALJ's conclusions "may not perfectly correspond with any of the opinions of medical sources cited in [the

ALJ's] decision" plaintiff's RFC was proper because it "took account of the opinions of all  . . . experts and the notes of other treatment providers"); *Tankisi v. Comm'r Soc. Sec*, 521 F. App'x 29, 34 (2d Cir. 2013) (where "the record contains sufficient evidence from which an ALJ can assess . . . residual functional capacity," a medical source statement or formal medical opinion is not necessarily required); *Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013) (upholding the ALJ's RFC determination where he "rejected" physician's opinion but relied on physician's findings and treatment notes). Therefore, Plaintiff's argument, that the ALJ erred as a matter of law in formulating an RFC absent a medical source statement is without merit.

Plaintiff proceeds to argue the ALJ failed to provide a "clear explanation" how the RFC accommodated Plaintiff's mental limitations.  (Dkt. No. 13 at 17.)  Plaintiff argues the opinions of her treating mental health care providers indicate she was unable to meet competitive standards in various functional areas of work and failed to specifically address Plaintiff's ability to deal with stress.  (*Id.*)  Plaintiff's assertion, that the ALJ's RFC "does not even remotely address the countless other area of functioning in which treating providers have found Plaintiff is limited," fails.  (*Id*. at 18.)  The ALJ's RFC did not provide all of the limitations provided by her treating sources because the ALJ properly found the opined limitations "unpersuasive" and substantial evidence supported the ALJ's determination.

The ALJ's mental RFC determination is supported by substantial evidence in the record and the ALJ provided sufficient explanation to support his RFC determination. After considering the record as a whole, the ALJ appropriately accounted for the mental limitations he found supported by the overall record.  The ALJ considered the opinions

8

of the consultative examiners; however, he concluded the record supported greater mental limitations.  (T. 20-21.)

The non-examining State agency medical consultant, S. Juriga, Ph.D., opined Plaintiff had non-severe mental impairments.  (T. 73-74, 333-335.)  Consultative examiner, Susan Santarpia, Ph.D., opined Plaintiff was able to understand, remember, and apply simple, as well as complex directions and instructions; use reason and judgment to make work related decisions; interact appropriately with supervisors, coworkers, and the public; sustain concentration and perform a task at a consistent pace; sustain an ordinary routine and regular attendance at work; maintain personal hygiene and appropriate attire; and be aware of normal hazards and take appropriate precautions within normal limits.  (T. 322-323.)  She opined Plaintiff had mild limitations in her ability to regulate her emotion and control behavior in maintaining well-being.  (T. 323.)  The ALJ found Dr. Santarpia's opinion "unpersuasive," reasoning the overall record supported "some functional limitations in excess" of those found by the doctor. (T. 20-21.)  Although the ALJ found Dr. Santarpia's opinion unpersuasive, the RFC accounts for the doctor's opined limitations and is ultimately more restrictive by limiting Plaintiff to simple, as opposed to complex, work and only occasional social interactions. (T. 15.)

The ALJ determined Plaintiff's limitations were not as severe as those opined by treating nurse practitioners Daijah Fulgham and Sheryl Campbell-Julien, and mental health counselor, Marion Kiekbusch.  (T. 21.)  The ALJ evaluated the opinions provided by treating mental health sources and found them to be unpersuasive.  (*Id*.)  NP Fulgham and Ms. Kiekbusch opined Plaintiff was "unable to meet competitive

standards" in her ability to: remember work like procedures; complete a normal workday and workweek without interruptions from symptoms; and deal with normal work stress. (T. 522.)  The providers opined Plaintiff was "seriously limited, but not precluded" in her ability to: maintain attention for two hour segments and maintain regular attendance and be punctual.  (*Id*.)  They opined Plaintiff was "limited but satisfactory" in her ability to: understand and remember very short and simple instructions; carry out short and simple instructions; sustain an ordinary routine without supervision; ask simple questions or request assistance; accept instructions and respond appropriately to criticism; and be aware of normal hazards and take appropriate precautions.  (*Id*.)  The providers indicated they did "not observe" Plaintiff's ability to: perform at a consistent pace; get along with co-workers or peers; or respond appropriately to changes in a routine work setting.  (*Id*.)

In general, the ALJ found the opinions inconsistent with the "record overall, including treatment note observations" and the consultative examiners' opinions.  (T. 21.)  In evaluating the opinion provided by NP Fulgham and Ms. Kiekbusch, the ALJ also considered the lack of explanations to support the limitations provided on the checkbox form.  (*Id*.); *see Heaman v. Berryhill*, 765 F. App'x 498, 501 (2d Cir. 2019) (ALJ properly considered opined limitations were provided on a checkbox form with no additional information).

The ALJ acknowledged the treating providers opinion regarding Plaintiff's inability to handle stress, but ultimately did not adopt this limitation because he determined the limitations was inconsistent with other evidence in the record.  (T. 21.)  Although the providers opined Plaintiff was "unable to meet competitive standards" in her ability to

10

deal with stress, they also acknowledged Plaintiff could understand and follow simple directions and instructions.  *See Barry v. Colvin*, 606 F. App'x 621, 624 (2d Cir. 2015) (although consultative examiner opined plaintiff could not maintain a schedule, the doctor also acknowledged plaintiff could understand and follow simple directs and relate to others and therefore substantial evidence supported ALJ's mental RFC determination for simple, routine, repetitive work).

The ALJ further relied on objective mental status findings and Plaintiff's activities of daily living.  Indeed, the mental health providers' opinions were not consistent with treatment notes, including Plaintiff's normal mental status findings in many areas as observed by NPs Campbell-Julien and Fulgham and counselor Kiekbusch.  (T. 21, 259-260, 339-340, 3933-96; 438-439; 520-525.)  The ALJ also relied on Plaintiff's reported activities in making his determination.  As the ALJ noted, Plaintiff reported to Dr. Santarpia in October 2017 she performed personal care, managed her funds, read and watched television, socialized with friends and family, and maintained social media accounts.  (T. 18-19, 322.)  The ALJ further considered statements by Plaintiff that she was taking care of her boyfriend's father and she was helping to plan her son's baby shower.  (T. 18, 478, 490.)  As noted by the ALJ, Plaintiff also stated she "currently has multiple projects going on," as she was re-tiling her bathroom, planting things in her garden, and "many other projects."  (T. 18, 440-441.)  At the time, Plaintiff noted that while she knew her depression was present, "she was too busy to notice it."  (T. 18, 441.)  Plaintiff stated she attended her boyfriend's family reunion.  (T. 18, 470.)  Plaintiff stated that she was taking care of her twenty-one-year-old daughter with special needs.

(T. 440, 466.)  Overall, the ALJ reasonably relied on the medical and other evidence in the record to assess Plaintiff's mental RFC.

The Court cannot set aside the ALJ's determination unless it finds the decision is based on either legal error or factual findings that are unsupported by substantial evidence.  *See Johnson*, 817 F.2d at 986.  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek,* 139 S. Ct. at 1154.  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

**ACCORDINGLY**, it is

ORDERED that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

ORDERED that Defendant's unfavorable determination is **AFFIRMED**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:        November 4, 2021

_Bill Carter_
William B. Mitchell Carter
U.S. Magistrate Judge